UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| MANFRED KINGUE-NOAH,<br><br>              Plaintiff,<br><br>  -against-<br><br>CITY OF NEW YORK, BRANDON ORTIZ, Individually, and JOHN AND JANE DOE 1 through10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>              Defendants. | **COMPLAINT**<br><br>Index No.<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------------X

  Plaintiff MANFRED KINGUE-NOAH, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

  1.  Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

  2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3.  Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

  4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MANFRED KINGUE-NOAH is a twenty-two-year-old Black man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, BRANDON ORTIZ and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**FACTS**

12. On July 11, 2023, beginning at approximately 2:30 a.m., plaintiff, a black man, was operating a motor vehicle when he was stopped by defendant officers including, but not limited to, upon information and belief, defendant BRANDON ORTIZ of the NYPD's Strategic Response Group 5 (hereinafter "SRG"), in the vicinity Van Duzer Street and Beach Street, Staten Island, New York.

13. Plaintiff had not committed any offenses warranting the stop of his vehicle.

14. Upon approaching plaintiff's vehicle, the defendant officers ordered plaintiff out of his vehicle without just cause, ordered him to empty his pockets, and then placed handcuffs on plaintiff's wrists, despite lacking probable cause to believe plaintiff had committed any crime or infraction.

15. Plaintiff was then imprisoned in a police vehicle and transported to the 120th police precinct, and imprisoned therein.

16. Plaintiff was held in the precinct overnight and before being transported to Staten Island Criminal Court on July 12, 2023 at approximately 8:00 am.

17. At approximately 11:30 am, plaintiff was released without any charges being lodged against him.

18. Defendants BRANDON ORTIZ and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

screening, hiring, retaining, training and supervising its employees; and pursuant to aggressive police tactics, customs, and practices of SRG, which has led to many unlawful detentions and false arrests of individuals without just cause, particularly of people of color.

20. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, that many SRG officers, including the defendants engage in a practice of unlawfully stopping individuals without justification, engage in falsification to justify unlawful arrests and aggressive police tactics, typically deployed against people of color. Indeed, these aggressive tactics have led to call for the disbandment of SRG.[a]

21. Defendant CITY OF NEW YORK is further aware that such improper training of SRG has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the SRG officers in the present case to violate the plaintiff's civil rights.

22. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff MANFRED KINGUE-NOAH of

---

[a] *See e.g.*, https://www.nyclu.org/commentary/nypds-strategic-response-group-must-be-disbanded.

the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH sustained, *inter alia*, emotional distress, embarrassment, and deprivation of his constitutional rights.

## Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Indiviudal Defendant Officers)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants arrested plaintiff MANFRED KINGUE-NOAH without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

30. Defendants caused plaintiff MANFRED KINGUE-NOAH to be falsely arrested and unlawfully imprisoned.

31. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individual Defendant Officers)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants had an affirmative duty to intervene on behalf of plaintiff MANFRED KINGUE-NOAH, whose constitutional rights were being violated in their presence by other officers.

34. The defendants failed to intervene to prevent the unlawful conduct described herein.

35. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

36. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against the Individual Supervisor Defendant Officers)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The individual defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

39.     As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its SRG officers, who also engaged in a pattern and practice of employing aggressive police tactics, which were deployed primarily against people of color, that was the moving force behind the violation of plaintiff MANFRED KINGUE-NOAH'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its SRG officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43.     The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MANFRED KINGUE-NOAH.

44. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MANFRED KINGUE-NOAH as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MANFRED KINGUE-NOAH as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MANFRED KINGUE-NOAH was unlawfully arrested.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MANFRED KINGUE-NOAH'S constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff MANFRED KINGUE-NOAH of federally protected rights, including, but not limited to, the right to be free from false arrest.

49. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

52. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

54. Plaintiff has complied with all conditions precedent to maintaining the instant action.

55. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
<u>(False Arrest under the laws of the State of New York against All Defendants)</u>

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants arrested plaintiff MANFRED KINGUE-NOAH without probable cause.

58. Plaintiff was detained against his will for an extended period of time and

subjected to physical restraints.

59. As a result of the aforementioned conduct, plaintiff MANFRED KINGUE-NOAH was unlawfully imprisoned in violation of the laws of the State of New York.

60. As a result of the aforementioned conduct, plaintiff MANFRED KINGUE-NOAH suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

61. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against All Defendants)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH was placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendant's conduct, plaintiff MANFRED KINGUE-NOAH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

66. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

67. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against All Defendants)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants made offensive contact with plaintiff without privilege or consent.

70. As a result of defendant's conduct, plaintiff MANFRED KINGUE-NOAH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Upon information and belief, defendant CITY OF NEW YORK failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MANFRED KINGUE-NOAH.

75. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

76. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MANFRED KINGUE-NOAH.

79. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Plaintiff MANFRED KINGUE-NOAH'S rights to be free from false arrest were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

82. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

83. Qualified immunity is no defense to this claim.

84. As a result of the foregoing, plaintiff MANFRED KINGUE-NOAH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MANFRED KINGUE-NOAH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 9, 2024

                                                BRETT H. KLEIN, ESQ., PLLC
                                                Attorneys for Plaintiff
                                                MANFRED KINGUE-NOAH
                                                305 Broadway, Suite 600
                                                New York, New York 11201
                                                (212) 335-0132

                                      By:    *Brett Klein*
                                                    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MANFRED KINGUE-NOAH,

                                                                        Plaintiff,

      -against-

CITY OF NEW YORK, BRANDON ORTIZ, Individually, and JOHN AND JANE DOE 1 through10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                                        Defendants.

--------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132